UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LARRY RAY SWEARINGEN, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-11-1765 |
| | § | |
| BARACK OBAMA, *et al*, | § | |
| | § | |
| Defendants. | § | |

## **MEMORANDUM AND ORDER**

Texas death row inmate Larry Ray Swearingen has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. (Instrument No. 1). Swearingen argues that the successive petition requirements in the Anti-Terrorism and Effective Death Penalty Act are unconstitutional. For the reasons discussed below, the Court construes his pleadings as an unauthorized federal habeas petition and dismisses this case.

In 1998, Swearingen murdered Melissa Trotter and left her body in the woods. Because the police arrested him on other charges before hunters found Ms. Trotter's body, Swearingen has maintained his innocence, including during his repeated attempts to invoke federal jurisdiction. In his most recent federal habeas actions, Swearingen has relied on scientific evidence to dispute the integrity of his conviction. To proceed onto federal consideration of that evidence, Swearingen needed to comply with 28 U.S.C. § 2244(b)(2), which required him to show that he could not have discovered the factual predicate for his claim previously and that "no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(B). Both this Court and the Fifth Circuit have found that Swearingen's new evidence failed to meet either requirement of 28 U.S.C. § 2244(b)(2)(B).

Now, Swearingen has filed a civil rights action claiming that section 2244(b)(2)(B)

violates the Due Process Clause, the Sixth and Eighth Amendments, the Suspension Clause, and the Separations-of-Powers Doctrine. He also contends that section 2244(b)(1), which prevents federal consideration of claims raised in a prior petition, violates "the Court's power [under the Eighth Amendment] to consider evidence of actual innocence." (Instrument No. 1 at 5). As a remedy, he asks the Court for a declaratory judgment, to issue an injunction preventing his future execution, and to authorize the payment of attorney fees. Without question, Swearingen hopes that a favorable ruling on his civil rights case will allow him to file a new federal habeas action unfettered by the AEDPA's successive-petition requirements.

While Swearingen styles his case a civil rights complaint, that designation is not dispositive. The Court must look to the nature of his arguments to see if they fall within the traditional core of civil rights jurisprudence. Section 1983 authorizes a "suit in equity, or other proper proceeding for redress," against any person who, under color of state law, "subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution." Under that framework, "a § 1983 challenge is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973).

Several reasons demonstrate why a § 1983 action is not the proper vehicle for Swearingen's arguments. First, Swearingen has not suggested any relationship between his claims and the conditions of his confinement. His allegations all arise from *why* he is incarcerated, not *how*. Swearingen's pleading facially implicates the heart of habeas law. Second, Swearingen premises much of his complaint on the same allegations of actual innocence that he raised in his second and third federal habeas actions. For example, his argument that the

AEDPA violates the Constitution because it stifles claims of actual innocence only becomes actionable if he has a valid actual-innocence claim. A full examination of Swearingen's arguments would drag this litigation well into the traditional core of habeas jurisprudence. Adjudicating Swearingen's civil rights complaint would force the Court to consider the merits of claims that the Fifth Circuit has already barred from habeas review. Third, Swearingen obviously intends his action to be a precursor to continued habeas litigation. While not explicitly stated in his complaint, the obvious purpose of his action is to remove procedural hindrances from claims he presented in his earlier habeas actions. Fourth, the Supreme Court has previously considered challenges to the AEDPA under its habeas jurisprudence. *See, e.g., Felker v. Turpin*, 518 U.S. 651 (1996). The Supreme Court has never questioned its authority to decide in habeas the arguments Swearingen advances in a § 1983 complaint. Finally, Swearingen could and should have advanced these constitutional challenges in his earlier habeas actions. Swearingen should advance his arguments about the AEDPA being unconstitutional in a case where the court can apply the AEDPA. *See Calderon v. Ashmus*, 523 U.S. 740, 746 (1998) (finding that a prisoner cannot bring a declaratory judgment action for the purpose of determining "a collateral legal issue governing certain aspects of [his] pending or future [habeas] suits").

The Court finds that Swearingen's latest pleading amounts to another successive federal habeas action.[1] An inmate may only file a successive habeas petition under limited circumstances. *See* 28 U.S.C. § 2244(b)(2)(B). The Fifth Circuit, however, serves as the initial gatekeeper to another round of habeas review. *See* 28 U.S.C. § 2244(b)(3). Swearingen must

---

[1] To the extent that any remedy lies in civil rights law, Swearingen's complaints have no merit. In the years since Congress passed the AEDPA, courts have uniformly upheld its provisions against constitutional attack. For example, courts have found that it does not violate the Suspension Clause, *Felker*, 518 U.S. at 664, *Thomas v. Jeter*, 200 F. App'x 374, 375 (5th Cir. 2006); and the separation-of-powers doctrine, *Dufrene v. Brazoria County Dist. Atty. Office*, 146 F. App'x 715, 717 (5th Cir. 2005). His arguments are frivolous.

seek leave in the Fifth Circuit before proceeding with a new habeas action.[2]

In support of his civil rights complaint, Swearingen has filed a motion to proceed *in forma pauperis*, two motions for the appointment of counsel, a motion to withdraw portions of his request for counsel, and a consent to appear before a magistrate judge. (Instrument Nos. 2, 3, 4, 11 and 13). The Court **DENIES** those motions **WITHOUT PREJUDICE**. Swearingen has also filed a motion for a permanent injunction complaining about the conditions on death row. (Instrument No. 6). Death row is located in the Polunsky Unit in Livingston, Texas, which falls under the jurisdiction of the United States District Court for the Eastern District of Texas. The Court **DENIES** his request for an injunction because he should bring those issues, if at all, in another judicial district. The Court **DISMISSES** this case.

SIGNED at Houston, Texas, this 20th day of May, 2011.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE

---

[2] Should Swearingen need a certificate of appealability before the Fifth Circuit can consider the characterization of this case as a habeas action, the Court *sua sponte* finds no argument deserving appellate consideration under 28 U.S.C. § 2253(c).